UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| REGINALD RICE | ) | |
| | ) | |
| v. | ) | NO. 2:01-CR-30 |
| | ) | NO. 2:04-CV-171 |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

# **ORDER**

Reginald Rice, a federal prisoner, has filed this *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, along with a supporting memorandum. [Doc.1]. The United States has responded in opposition to the motion [Doc. 5]. This Court entered an order referring the petition to the United States Magistrate Judge for proposed findings of fact and recommendations for disposition, and the Magistrate Judge entered a report and recommendation, recommending that the petitioner's motion be denied. [Doc. 15]. The petitioner filed a timely objection to the report and recommendation. [Doc. 16]. The Court has determined that the files and records of the case conclusively establish that the petitioner is not entitled to relief under § 2255 and, therefore, no evidentiary hearing is necessary. For the reasons which follow, the petitioner's motion pursuant to § 2255 lacks merit and will be **DENIED**.

This Court has carefully considered the Report and Recommendation of the United States Magistrate Judge, as well as the arguments of the petitioner and of the government. Upon completion of this review, the Court is of the opinion that the United States Magistrate Judge's conclusions are correct in all respects, and therefore the Court holds petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States and his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having examined each of the petitioner's

claims under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's first claim was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability as to the first claim. However, the Court's denial of the second claim of the petitioner in part, that is, the claim that the failure to object to Agent Drolshagen's rebuttal testimony violated the Sixth Amendment right to counsel, requiring that the petitioner's conviction and sentence be vacated is debatable. Therefore, a certificate of appealability is **GRANTED** solely as to the issue of whether the petitioner's conviction and sentence should be vacated for counsel's failure to object to the admission of Agent Drolshagen's rebuttal testimony.

      **SO ORDERED.**

      ENTER:

                                                     s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE